**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1849**

───────────────

YOLANDA CASH,

    Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Western District of North Carolina at Charlotte. Kenneth D. Bell, District Judge. (3:23-cv-00861-KDB)

───────────────

Submitted:  April 11, 2025         Decided:  May 20, 2025

───────────────

Before NIEMEYER and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  George C. Piemonte, Michel Phillips, MARTIN, JONES, & PIEMONTE, Charlotte, North Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, Kenneth A. Burden, Special Assistant United States Attorney, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yolanda Cash appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of Cash's application for disability insurance benefits.

"In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

After reviewing the briefs and the record on appeal, we conclude there is no reversible error in the district court's decision. The ALJ applied the correct legal standards in evaluating Cash's claim for benefits, his factual findings are supported by substantial evidence, and he sufficiently explained the rationale for his decision to deny benefits. Accordingly, we affirm the district court's judgment upholding the denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*